IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Beverley D. Wilson, doing business as Wilson Pediatrics, Inc., ) ) ) Plaintiff, ) ) vs. ) ) B&B Properties, ) ) Defendant. ) ) | C/A No. 3:17-1807-MBS **ORDER AND OPINION** |

Plaintiff Beverley D. Wilson, doing business as Wilson Pediatrics, Inc., filed a complaint and motion for temporary restraining order against Defendant B&B Properties on July 10, 2017. Plaintiff, proceeding pro se and in forma pauperis, alleges she entered into a ten-year lease agreement with Defendant for a medical suite. Plaintiff states she is in arrears on her lease payments in excess of $22,000.00. Plaintiff alleges she was forcibly evicted on June 30, 2017, and was unable to take all her possessions with her. She seeks to enjoin Defendant from finalizing the eviction and moves the court to allow her to resume occupancy under the parties' lease agreement. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.

The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. § 1915. The Magistrate Judge determined the court lacks subject matter jurisdiction over Plaintiff's complaint because Plaintiff failed to allege an amount in controversy in excess of $75,000.00. See 28 U.S.C. § 1332(a). Accordingly, the Magistrate Judge issued a Report and Recommendation wherein she recommended that Plaintiff's complaint be dismissed without prejudice and without

issuance and service of process.

On August 4, 2017, Plaintiff filed an amended complaint, presumably to cure the Magistrate Judge's determination that the court lacks subject matter jurisdiction. Plaintiff asserts causes of action for negligence and intentional infliction of emotional distress. Plaintiff contends that Defendant's negligence in maintaining the premises required her to expend $120,000 to replace her computer system, and her eviction has resulted in $1,222,500 in future lost income. Plaintiff further alleges that Defendant violated her due process rights.

## DISCUSSION

"'Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.'" Brickwood Contractors., Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)). Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) (citing McNutt v. Gen'l Motors Acceptance Corp., 298 U.S. 178 (1936)).

A. Diversity Jurisdiction

Subject matter jurisdiction based on diversity of citizenship is satisfied if the litigation is between "citizens of different States" and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). Plaintiff alleges that she is a resident of South Carolina and that Defendant is a resident of Tennessee. The question becomes, then, whether Plaintiff has demonstrated the amount in controversy exceeds $75,000. If the plaintiff claims a sum sufficient to satisfy the statutory requirement, a federal court may dismiss only if it is

apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed. Momin v. Maggiemoo's Int'l, L.L.C., 205 F. Supp. 2d 506, 509 (D. Md. 2002) (citing cases).

Plaintiff claims economic losses as the result of Defendant's negligence. In South Carolina, the question of whether the plaintiff may maintain an action in tort for purely economic loss turns on the determination of the source of the duty plaintiff claims the defendant owed. A breach of a duty which arises under the provisions of a contract between the parties must be redressed under contract, and a tort action will not lie. Tommy L. Griffin Plumbing & Heating Co. v. Jordon, Jones & Goulding, Inc., 463 S.E.2d 85, 88 (S.C. 1995). A breach of a duty arising independently of any contract duties between the parties, however, may support a tort action. Id. (citing State Ports Auth. v. Booz–Allen & Hamilton, Inc., 346 S.E.2d 324 (S.C. 1986). In most instances, a negligence action will not lie when the parties are in privity of contract. When, however, there is a special relationship between the alleged tortfeasor and the injured party not arising in contract, the breach of that duty of care will support a tort action. Id. (citing Booz–Allen, 346 S.E.2d at 376-77).

Plaintiff has failed to allege any special relationship between her and Defendant. The only duty apparent from the face of the complaint arises from the commercial lease agreement regarding Plaintiff's medical suite. As such, Plaintiff is limited to her contract remedies, if any. The court concludes that, to a legal certainty, Plaintiff cannot establish sufficient damages under her cause of action for negligence to meet the amount in controversy.

As to Plaintiff's allegation of intentional infliction of emotional distress, Plaintiff must show that Defendant's conduct was so extreme and outrageous that it exceeded all possible bounds of decency and was furthermore atrocious, and utterly intolerable in a civilized community. Hansson v. Scalise Builders of South Carolina, 650 S.E.2d 68, 72 (S.C. 2007). "In order to prevent claims

for intentional infliction of emotional distress from becoming 'a panacea for wounded feelings rather than reprehensible conduct,' the court plays a significant gatekeeping role in analyzing a defendant's motion for summary judgment." Id. at 71 (quoting Todd v. S.C. Farm Bur. Mut. Ins. Co., 321 S.E.2d 602, 611 (S.C. Ct. App. 1984), rev'd on other grounds, 336 S.E.2d 472 (1985)). It is for the court's determination whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery, and only where reasonable persons might differ is the question one for the jury. Id. (citing Holtzscheiter v. Thomson Newspapers, 411 S.E.2d 664, 666 (1991)).

The court finds that Defendant's actions in requiring Plaintiff to vacate the premises upon her failure to timely make rental payments were not so " extreme and outrageous that [they] exceeded all possible bounds of decency and [were] furthermore atrocious, and utterly intolerable in a civilized community." The court concludes that, to a legal certainty, Plaintiff cannot establish sufficient damages under her cause of action for intentional infliction of emotional distress to establish the requisite amount in controversy.

B.    Federal Question Jurisdiction

In order to establish federal question jurisdiction under 28 U.S.C. § 1331, the civil case must "aris[e] under the Constitution, laws, or treaties of the United States." The well-pleaded complaint rule requires that the federal question appear on the face of a properly pleaded complaint; otherwise, the court lacks federal question jurisdiction. Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1986).

Plaintiff contends that Defendant's actions deprived her of her right to due process. The Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities.

4

Rendell-Baker v. Kohn, 457 U.S. 830, 837 (1982) (citing cases). Plaintiff cannot establish a federal question unless it can be shown Defendant's actions are "fairly attributable to the State." Id. at 839 (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). A state can be held responsible for a private decision when it has exercised coercive power or has provided significant encouragement to the defendant; when it has extensively regulated the defendant; when the defendant performs a public function; or when the defendant and the state engage in a symbiotic relationship. Id. at 841-42 (citing Blume v. Yaretsky, 457 U.S. 991, 1004 (1982)).

In this case, the only allegations in the complaint demonstrate that Defendant acted as a private entity acting under the parties' commercial lease agreement. Plaintiff has failed to establish federal question jurisdiction.

## CONCLUSION

For the reasons stated, the court adopts the conclusion of the Magistrate Judge that Plaintiff's complaint, as amended, should be dismissed for lack of subject matter jurisdiction. Accordingly, the within complaint, as amended is **dismissed, without prejudice and without issuance and service of process.** Plaintiff's motions for a temporary restraining order and preliminary injunction (ECF Nos. 3, 10, 11, 12, 13, 17, 18, 19) are **denied as moot.**

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

August 23, 2017