IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Beverley D. Wilson, doing business as Wilson Pediatrics, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> B&B Properties, <br><br> Defendant. | C/A No. 3:17-1807-MBS <br><br><br> **ORDER AND OPINION** |

Plaintiff Beverley D. Wilson, doing business as Wilson Pediatrics, Inc., filed a complaint and motion for temporary restraining order against Defendant B&B Properties on July 10, 2017. Plaintiff, proceeding pro se and in forma pauperis, alleged she entered into a ten-year lease agreement with Defendant for a medical suite. Plaintiff alleges she was forcibly evicted on June 30, 2017, after being in arrears on her lease payments in excess of $22,000.00. Plaintiff sought to enjoin Defendant from finalizing the eviction and moved the court to allow her to resume occupancy under the parties' lease agreement.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. The Magistrate Judge issued a Report and Recommendation on July 17, 2017, wherein she recommended the complaint be summarily dismissed because Plaintiff failed to allege an amount in controversy in excess of $75,000.00. See 28 U.S.C. § 1332(a). On August 4, 2017, Plaintiff filed an amended complaint in which she asserted causes of action for negligence and intentional infliction of emotional distress, as well as a claim that Defendant violated her due process rights. Plaintiff further claimed damages

for lost income so as to meet the amount in controversy. On August 23, 2017, the court issued an order concluding that Plaintiff could not establish sufficient damages to a legal certainty, and that Defendant's actions were not fairly attributable to the State so as to state a claim under the due process clause. Accordingly, the court dismissed the complaint for lack of subject matter jurisdiction.

This matter now is before the court on Plaintiff's motion for reconsideration and to recuse, which motion was filed on September 1, 2017. See Fed. R. Civ. P. 59(e). On September 14, 2017, Plaintiff filed a "Motion and Memorandum for Recusal" purportedly addressed to the Honorable Terry L. Wooten, Chief Judge.

A. Motion for Reconsideration

Although Rule 59 addresses grounds for new trials, some courts have reasoned that the concept of a new trial under Rule 59 is broad enough to include a rehearing of any matter decided by the court without a jury. 11 Wright & Miller, Federal Practice & Procedure § 2804. Notwithstanding the broad nature of Rule 59, motions for reconsideration are disfavored. They are not a matter of routine practice. Settino v. City of Chicago, 642 F. Supp. 755, 759 (N.D. Ill. 1986). Several courts have observed that they are neither expressly cognizable under the Federal Rules of Civil Procedure nor authorized by the local rules of the district court. See, e.g., Fisher v. Samuels, 691 F. Supp. 63, 74 (N.D. Ill. 1988).

Motions for reconsideration are inappropriate merely to introduce new legal theories or new evidence that could have been adduced during the pendency of the prior motion. Keene Corp. v. International Fidelity Ins. Co., 561 F. Supp. 656 (N.D. Ill.), aff'd, 736 F.2d 388 (7th Cir. 1982). The Fourth Circuit recognizes only three limited grounds for a district court's grant of a motion under

2

Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice. Hutchinson v. Staton, 994 F.2d 1076 (4th Cir. 1993). The Fourth Circuit has emphasized that counsel's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion. Id. (citing Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Plaintiff contends the court erred in focusing on Plaintiff's claims for negligence, contending that her cause of action hinges on res ipsa loquitur negligence as establishing complete liability of Defendant for the collapse of Plaintiff's computer billing system. South Carolina does not follow the doctrine of res ipsa loquitur. Watson v. Ford Motor Co., 699 S.E.2d 169, 179 (S.C. 2010). Even if it did, the court would lack subject matter jurisdiction for the reasons set forth in the court's August 23, 2017 order.

B.   Motions to Recuse

A federal judge is obligated to recuse himself if a person with knowledge of the relevant facts might reasonably question his impartiality. 28 U.S.C. § 455(a). Disqualification is required if a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial. United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) (quoting In re Beard, 811 F.2d 818, 827 (4th Cir. 1987)). The proper test is whether another with knowledge of all the circumstances might reasonably question the judge's impartiality. Id. (quoting Beard, 811 F.2d at 827). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal." Liteky v. United States, 510 U.S. 540, 555 (1994).

Plaintiff contends the court has significant conflicts of interest that prevented the court from

ruling fairly in her case. Plaintiff contends the court abused its judicial power in making certain rulings in an action Plaintiff filed against Defendants John T. Moss and Moss and Associates P.A. in the Court of Common Pleas for Richland County, South Carolina. In that case, Plaintiff alleged that Defendants provided her poor legal advice pertaining to a bankruptcy proceeding. Defendants removed the complaint to this court on December 20, 2013 on the grounds that the complaint constitutes a core proceeding arising under Title 11 of the United States Bankruptcy Code. See Wilson v. Moss, 3:13-3567-MBS. The court subsequently referred the matter to a bankruptcy judge for disposition. Id., ECF No. 15. Contrary to Plaintiff's assertions, the court did not try the case, and the order referring the complaint to the bankruptcy judge was affirmed by the Court of Appeals for the Fourth Circuit on January 19, 2016. Id., ECF No. 29.[1] Plaintiff's claims of bias are without merit.

For the reasons stated, Plaintiff's motions to reconsider and recuse (ECF Nos. 23, 24) are **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

July 18, 2018

---

[1]The court also determined that Plaintiff's appeal of certain orders issued by the bankruptcy judge was untimely. The court's decision was affirmed by the Fourth Circuit. See Wilson v Moss, 5:15-2230, ECF Nos. 8, 24.

4