IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Beverley D. Wilson, doing business as Wilson Pediatrics, Inc., | C/A No. 3:17-1807-MBS |
| Plaintiff, | |
| vs. | **ORDER AND OPINION** |
| B&B Properties, | |
| Defendant. | |

Plaintiff Beverley D. Wilson, doing business as Wilson Pediatrics, Inc., filed a complaint and motion for temporary restraining order against Defendant B&B Properties on July 10, 2017. Plaintiff, proceeding pro se and in forma pauperis, alleged Defendant forcibly evicted her from commercial property on June 30, 2017 after she became arrears on her lease payments. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.

The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. § 1915. The Magistrate Judge determined the court lacked subject matter jurisdiction over Plaintiff's complaint because Plaintiff failed to allege an amount in controversy in excess of $75,000.00. See 28 U.S.C. § 1332(a). Accordingly, the Magistrate Judge issued a Report and Recommendation wherein she recommended that Plaintiff's complaint be dismissed without prejudice and without issuance and service of process.

On August 4, 2017, Plaintiff filed an amended complaint, asserting causes of action for negligence and intentional infliction of emotional distress. Plaintiff contended that Defendant's negligence in maintaining the premises required her to expend $120,000.00 to replace her computer

system, and her eviction has resulted in $1,222,500.00 in future lost income. Plaintiff further alleged that Defendant violated her due process rights. By order filed August 23, 2017, the court determined that it lacks diversity jurisdiction because Plaintiff could not show, to a legal certainty, that she could recover the amount claimed. See Momin v. Maggiemoo's Int'l, L.L.C., 205 F. Supp. 2d 506, 509 (D. Md. 2002). The court also determined that it lacked federal question jurisdiction because Plaintiff could not show Defendant's actions were "fairly attributable to the State" such that Defendant could be held liable for a constitutional deprivation. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). Consequently, the court dismissed the amended complaint and denied Plaintiff's motions for a temporary restraining order and preliminary injunction as moot.

Plaintiff filed a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) and for recusal on September 1, 2017, as well as a second motion for recusal on September 14, 2017. The court issued an order on July 18, 2018, denying Plaintiff's motions, finding no grounds on which to reconsider its conclusion that the court lacks subject matter jurisdiction and no basis on which to find a person might question the court's impartiality.

On July 10, 2020, Plaintiff filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), as well a motion for recusal. The court concluded that Plaintiff had not moved for relief under Rule 60(b) within a reasonable time, and that, even if the Rule 60(b) motion were timely filed, Plaintiff had not demonstrated that she could prevail on the merits. The court again determined that there was no basis on which to find a person might question the court's impartiality. Accordingly, the court issued an order denying Plaintiff's motions on October 21, 2020.

This case is again before the court on Plaintiff's renewed motion for reconsideration and to amend the complaint, for a temporary restraining order and preliminary injunction, and to add co-

Defendants, which motion was filed on December 2, 2020. In the alternative, Plaintiff requests the court construe the proposed amended complaint attached to her motion as a new filing. Plaintiff seeks to add as Defendants (1) Meredith Hunter, owner; Tammy Upton, manager; and Michael Hunter, consultant for Defendant; (2) Governor Henry McMaster, whom she asserts ordered Defendant to evict Plaintiff in 2017; (3) Susan E. Gillin, lead counsel for the United States Department of Health and Human Services, Office of Inspector General, whom Plaintiff alleges denied Plaintiff's petition for reinstatement in 2017 following Plaintiff's exclusion from the Medicaid and Medicare programs as a provider of medical services; (4) the South Carolina Department of Health and Human Services, an entity that also reviews petitions for reinstatement following Medicaid exclusion; (5) Stephen P. Williams, Esquire, who represented Plaintiff in a criminal action for computer crimes involving Medicaid billing in 2010 and allegedly coerced her into pleading guilty; and (6) Jason T. Moss, Esquire and Jane Ruschky, Esquire, whom Plaintiff alleges unsuccessfully represented her and violated professional bankruptcy legal practice standards when they filed three bankruptcy petitions on Plaintiff's behalf in 2009 and 2010.

Fed. R. Civ. P. 59(e) requires that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Pursuant to Fed. R. Civ. P. 6(b)(2), the time to file a Rule 59(e) motion cannot be extended. Plaintiff's time to file a motion for reconsideration expired September 20, 2017, 28 days after entry of the court's order and opinion on August 23, 2017. The court therefore will construe Plaintiff's motion as brought pursuant to Fed. R. Civ. P. 60(b). The court concludes, as it did in its order filed October 21, 2020, that Plaintiff's current Rule 60(b) motion was not filed within a reasonable time. Plaintiff's current Rule 60(b) motion was filed over three years after the court entered judgment dismissing the complaint.

The court also is not inclined to grant Plaintiff's motion to amend her complaint. Although leave to amend should be liberally allowed, leave to amend should be denied when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. Edwards v. City of Greensboro, 178 F.3d 231, 242 (4th Cir. 1999). Most of the allegations of Plaintiff's proposed amended complaint reiterate her claims set forth in her second amended complaint filed August 4, 2017, ECF No. 16, and include verbatim recitations of Plaintiff's state court filings against a number of the proposed Defendants. Any new allegations refer to events for which the statute of limitations has long expired. As it did previously, the court concludes that Plaintiff cannot show, to a legal certainty, that she could recover the amount claimed in damages. Therefore, the court lacks subject matter jurisdiction. To the extent Plaintiff seeks to establish federal question jurisdiction by asserting Governor McMaster violated her civil rights by ordering her eviction, a public official acting in his official capacity is not a "person" amenable to suit under 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment bars a suit in federal court by a private party seeking to impose monetary liability upon a state official. Quern v. Jordan, 440 U.S. 332, 337 (1979). Plaintiff's proposed amendment would be futile.

For the same reasons, the court declines to order the proposed amended complaint be entered as a new case filing.[1] The court notes that Plaintiff filed a notice of appeal on December 2, 2020, which was dismissed on March 18, 2021 for failure to prosecute. It appears Plaintiff may have abandoned this action. In any event, Plaintiff's motions for reconsideration, to amend, and for a

---

[1] The court's ruling does not preclude Plaintiff from independently filing a new complaint, should she decide to do so.

temporary restraining order and preliminary injunction (ECF No. 37) are **denied**, without prejudice.

Plaintiff's motion to proceed in forma pauperis (ECF No. 41) is **denied as moot**.

    **IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

July 1, 2021