IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Beverley D. Wilson, doing business as Wilson Pediatrics, Inc., | ) ) ) | C/A No. 3:17-1807-MBS |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **ORDER AND OPINION** |
| B&B Properties, | ) ) | |
| Defendant. | ) ) ) | |

Plaintiff Beverley D. Wilson, doing business as Wilson Pediatrics, Inc., filed a complaint and motion for temporary restraining order against Defendant B&B Properties on July 10, 2017. Plaintiff, proceeding pro se and in forma pauperis, alleged Defendant unlawfully evicted her from commercial property on June 30, 2017, after she became arrears on her lease payments. By order filed August 23, 2017, the court determined that it lacks diversity jurisdiction because Plaintiff could not show, to a legal certainty, that she could recover the amount claimed. See Momin v. Maggiemoo's Int'l, L.L.C., 205 F. Supp. 2d 506, 509 (D. Md. 2002). The court also determined that it lacked federal question jurisdiction because Plaintiff could not show Defendant's actions were "fairly attributable to the State" such that Defendant could be held liable for a constitutional deprivation. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). Consequently, the court dismissed the case.

Plaintiff filed a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) and for recusal on September 1, 2017, as well as a second motion for recusal on September 14, 2017. The court denied Plaintiff's motions by order filed July 18, 2018, finding no grounds on which to reconsider

its conclusion that the court lacks subject matter jurisdiction and no basis on which to find a person might question the court's impartiality. On July 10, 2020, Plaintiff filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), as well a third motion for recusal. Plaintiff also filed an amended complaint. By order filed October 21, 2020, the court concluded that Plaintiff had not moved for relief under Rule 60(b) within a reasonable time, and that, even if the Rule 60(b) motion were timely filed, Plaintiff had not demonstrated that she could prevail on the merits. The court again determined that there was no basis on which to find a person might question the court's impartiality. Accordingly, the court denied Plaintiff's motions.

On December 2, 2020, Plaintiff filed a renewed motion for reconsideration and to amend the complaint, for a temporary restraining order and preliminary injunction, and to add Defendants; or, in the alternative, to construe Plaintiff's proposed amended complaint as a new verified complaint, temporary restraining order, and preliminary injunction, and add as Defendants (1) Meredith Hunter, owner; Tammy Upton, manager; and Michael Hunter, consultant for Defendant B&B Properties; (2) Governor Henry McMaster, whom she asserts ordered Defendant to evict Plaintiff in 2017; (3) Susan E. Gillin, lead counsel for the United States Department of Health and Human Services, Office of Inspector General, whom Plaintiff alleges denied Plaintiff's petition for reinstatement in 2017 following Plaintiff's exclusion from the Medicaid and Medicare programs as a provider of medical services; (4) the South Carolina Department of Health and Human Services, an entity that also reviews petitions for reinstatement following Medicaid exclusion; (5) Stephen P. Williams, Esquire, who represented Plaintiff in a criminal action for computer crimes involving Medicaid billing in 2010 and allegedly coerced her into pleading guilty; and (6) Jason T. Moss, Esquire and Jane Ruschky, Esquire, whom Plaintiff alleges unsuccessfully represented her and violated professional

bankruptcy legal practice standards when they filed three bankruptcy petitions on Plaintiff's behalf in 2009 and 2010; or, in the alternative, to file an appeal in forma pauperis.  In her motion, Plaintiff recited that

> intervening events transpiring over time elucidating the pattern of events of the Conspiracy among various individuals of South Carolina's three branches of government - legislative, executive, and judicial - that Plaintiff would show unto this Honorable Court that those intervening event and the actions of the individuals listed herein are part of a heightened conspiracy of acts by a coordinated group of individuals whose sole purpose was, and remains, to disenfranchise Plaintiff of all her attendant business and personal holdings . . . since Plaintiff was accepted and matriculated into law school at the Charleston School of Law in 2016, to ultimately subvert and prevent Plaintiff's full elucidation of the conspired criminal events by individuals in all three branches of government that culminated in and since Plaintiff's fraudulently coerced Guilty Plea in the *State of South Carolina v. Beverley D. Wilson* [computer crimes] case, and in further retaliation for events that transpired coincident with the "blackballing" of Plaintiff for refusing to accept the blame for the December 19, 1996 death of Baby Boy Bolin at the hands of Dr. Tracey McPherson, Orangeburg pediatrician and wife of SC State Senator Brad Hutto.

ECF No. 37, 3-4.

According to Plaintiff, the putative Defendants interfered with her electronic equipment, including the software used for Medicare billing in Plaintiff's medical practice and her law school laptop.  Plaintiff alleged that putative Defendants prohibited her from receiving financial aid, coordinated the impoundment of her vehicles, interfered with her ability to receive disability accommodations at the law school, and prevented her from earning an income.  Plaintiff asserts that Rule 60(b)'s requirement of a "reasonable time" is satisfied because "the circumstances in which Plaintiff exists were constructed by the Co-Defendants and other confederates to deprive Plaintiff of every reasonable semblance of normalcy and thwart, if not prevent altogether Plaintiff's ability to enter the Courts to seek redress for the wrongs wrought upon Plaintiff and Plaintiff's family[.]"  ECF No. 37, 22.

Also on December 2, 2020, Plaintiff filed a notice of appeal as to the court's October 21, 2020 order. Plaintiff's appeal was dismissed by the Court of Appeals for the Fourth Circuit on March 18, 2021, for failure to prosecute.

On July 2, 2021, the court issued an order wherein it found, among other things, that Plaintiff's renewed motion was not filed within a reasonable time. The court further denied Plaintiff's motion to amend the complaint as futile on the grounds that (1) Plaintiff did not show, to a legal certainty, that she would recover the amount claimed in damages; (2) Plaintiff's claims that putative Defendant Henry McMaster, in his official capacity as Governor of South Carolina and former Attorney General of South Carolina, violated her civil rights are not amenable to suit under 42 U.S.C. § 1983; and (3) the Eleventh Amendment bars a suit in federal court by a private party seeking monetary damages from a state official. Therefore, the court lacked subject matter jurisdiction based on either diversity or federal question. 28 U.S.C. §§ 1331, 1332.

This matter now is before the court on Plaintiff's renewed motion to reconsider, to amend the complaint, for a temporary restraining order and preliminary injunction, and to add Defendants; or, in the alternative, to construe Plaintiff's proposed amended complaint as a new verified complaint, temporary restraining order, and preliminary injunction, and to add Defendants; or, in the alternative, to file an appeal in forma pauperis for en banc review. Plaintiff's motion was filed on August 2, 2021. Also on August 2, 2021, Plaintiff filed a motion for continuance directed to the Fourth Circuit.

## DISCUSSION

A.    Rule 60(b) motion, motion to amend, and motion for new case filing

A movant seeking relief under Rule 60(b) must demonstrate: "(1) timeliness; (2) a lack of

unfair prejudice to the opposing party; (3) a meritorious defense; and (4) exceptional circumstances." Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993)). The Fourth Circuit has characterized Rule 60(b) as "extraordinary" and to be used only in "exceptional circumstances." Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979)).

Plaintiff timely filed her motion seeking reconsideration of the court's July 2, 2021 motion on August 2, 2021. However, Plaintiff has not demonstrated a meritorious defense to the court's order. Plaintiff contends that the court should "provide wide latitude to allow Plaintiff to present the depth of evidence required to successfully prosecute this case of far reaching Conspiracy in the interest that Plaintiff and her immediate family members might receive justice for the numerous injustices they have suffered since the 1996 death of Baby Boy Bolin, and Plaintiff's patients may once again be able to access Plaintiff's office based medical services." Id. Plaintiff restates positions taken in her December 20, 2020, motion, which arguments were rejected by the court. Compare ECF No. 37, 22 and ECF No. 53, 5. Moreover, Plaintiff has not demonstrated extraordinary circumstances. Plaintiff's numerous and lengthy filings submitted since she first commenced this action on July 10, 2017, belie her contentions that she has been denied access to the courts by the actions of the putative Defendants. Plaintiff's motion to reconsider its July 2, 2021 order is denied.

With respect to Plaintiff's motions to amend her complaint or to have the proposed amended complaint construed to comprise a new civil action, Plaintiff's motions are denied for the reasons stated in its July 2, 2021 order.

B.     Motion to file an appeal for en banc review

Plaintiff moves the court "to accept as timely submitted via mail Plaintiff's Notice of Appeal

to the United States Fourth Circuit of Appeals." ECF No. 53, 6. Plaintiff has not submitted, to the court's knowledge, a notice of appeal. Should she desire to appeal, Plaintiff should file with this court a notice of appeal in accordance with Fed. R. App. P. 3 and 4. Plaintiff's motion is denied as moot.

C.     Motion for continuance

Plaintiff moves the Fourth Circuit to reinstate and continue Plaintiff's case pending the court's decision on her current motions. The court is without authority to rule on Plaintiff's motion for continuance, which motion should be filed with the Fourth Circuit. Plaintiff's motion for continuance is denied as moot.

### CONCLUSION

For the reasons stated, Plaintiff's motion to amend the complaint is **denied**, motion for reconsideration is **denied**, and motion to file an appeal for en banc review is **denied as moot** (ECF No. 53). Plaintiff's motion for continuance (ECF No. 52) is **denied as moot**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

October 5, 2021